IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIORITY RECORDS LLC, a California limited liability company; VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ARISTA RECORDS LLC, a Delaware limited liability company,<br><br>                    Plaintiffs,<br><br>          v.<br><br>VICKI TAM,<br><br>                    Defendant. | 2:06-cv-1117-GEB-KJM<br><br><u>ORDER RE: SETTLEMENT AND DISPOSITION</u> |

On August 30, 2006, Plaintiffs filed an "Amended Ex Parte Application to Vacate Initial Scheduling Conference" in which they state "the parties have come to a settlement in this action" and "request sixty days (60) to file the dispositional documents for this settlement." Based on this representation, a dispositional document shall be filed no later than 60 days from the date on which this Order is filed. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a

1

dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Plaintiffs also "request that the initial scheduling conference currently set for September 11, 2006, at 9:00 a.m. be vacated." However, the status conference is rescheduled to commence at 9:00 a.m. on November 20, 2006, in the event that no dispositional document is filed, or if this action is not otherwise dismissed. Further, a joint status report shall be filed fourteen days prior to the status conference.[1]

IT IS SO ORDERED.

Dated: August 31, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2